**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| [SUPPRESSED]<br><br>　　　　　　　　　　Plaintiffs,<br>　　v.<br><br>[SUPPRESED]<br><br>　　　　　　　　　　Defendants. | Case No. _____<br><br><br>FALSE CLAIMS ACT<br>COMPLAINT<br><br><br>FILED UNDER SEAL<br>JURY TRIAL DEMANDED |

Dated: April 26, 2019


/s/ Roger Sanders
Roger D. Sanders
TX State Bar No. 17604700
roger.sanders@somlaw.net
J. Michael Young
TX State Bar No. 00786465
myoung@somlaw.net

**SANDERS, MOTLEY, YOUNG &**
**GALLARDO, PLLC**
111 South Travis Street
Sherman, Texas  75090
(903) 892-9133
(903) 892-4302 (fax)

/s/ Michael I. Behn
Michael I. Behn
mbehn@behnwyetzner.com
Daniel Hergott
dhergott@behnwyetzner.com

**BEHN & WYETZNER, CHARTERED**
17 N. State Street, Suite 1600
Chicago, IL 60602
(312) 629-0000
(312) 237-4162 (fax)


/s/ Bruce Howard
Bruce Howard
Bhoward@siprut.com
By: Michael Chang
Mchang@siprut.com

**SIPRUT, P.C.**
17 N. State Street, Suite 1600
Chicago, IL 60602
(312) 236-0000

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* STEVEN TURCK, | Case No. _____ |
| STATE OF CALIFORNIA *ex rel.* STEVEN TURCK, | |
| STATE OF COLORADO *ex rel.* STEVEN TURCK, | |
| STATE OF CONNECTICUT *ex rel.* STEVEN TURCK, | |
| STATE OF DELAWARE *ex rel.* STEVEN TURCK, | |
| DISTRICT OF COLUMBIA *ex rel.* STEVEN TURCK, | |
| STATE OF FLORIDA *ex rel.* STEVEN TURCK, | |
| STATE OF GEORGIA *ex rel.* STEVEN TURCK, | |
| STATE OF HAWAII *ex rel.* STEVEN TURCK, | |
| STATE OF ILLINOIS *ex rel.* STEVEN TURCK, | |
| STATE OF INDIANA *ex rel.* STEVEN TURCK, | FALSE CLAIMS ACT |
| STATE OF IOWA *ex rel.* STEVEN TURCK, | COMPLAINT |
| STATE OF LOUISIANA *ex rel.* STEVEN TURCK, | |
| STATE OF MARYLAND *ex rel.* STEVEN TURCK, | |
| COMMONWEALTH OF MASSACHUSETTS | FILED UNDER SEAL |
|    *ex rel.* STEVEN TURCK, | JURY TRIAL DEMANDED |
| STATE OF MICHIGAN *ex rel.* STEVEN TURCK, | |
| STATE OF MINNESOTA *ex rel.* STEVEN TURCK, | |
| STATE OF MONTANA *ex rel.* STEVEN TURCK, | |
| STATE OF NEVADA *ex rel.* STEVEN TURCK, | |
| STATE OF NEW JERSEY *ex rel.* STEVEN TURCK, | |
| STATE OF NEW MEXICO *ex rel.* STEVEN TURCK, | |
| STATE OF NEW YORK *ex rel.* STEVEN TURCK, | |
| STATE OF NORTH CAROLINA *ex rel.* STEVEN TURCK, | |
| STATE OF OKLAHOMA *ex rel.* STEVEN TURCK, | |
| STATE OF RHODE ISLAND *ex rel.* STEVEN TURCK, | |
| STATE OF TENNESSEE *ex rel.* STEVEN TURCK, | |
| STATE OF TEXAS *ex rel.* STEVEN TURCK, | |
| STATE OF VERMONT *ex rel.* STEVEN TURCK, | |
| COMMONWEALTH OF VIRGINIA | |
|    *ex rel.* STEVEN TURCK, | |
| STATE OF WASHINGTON *ex rel.* STEVEN TURCK, | |
| STATE OF WISCONSIN *ex rel.* STEVEN TURCK, and | |
| STEVEN TURCK, individually, | |
| | |
|              Plaintiffs, | |
|     v. | |
| | |
| WALGREENS BOOTS ALLIANCE, INC. | |
| WALGREENS CO. | |
| | |
|             Defendants. | |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

JURISDICTION AND VENUE .........................................................................................3

PARTIES .............................................................................................................................4

THE STATUTORY FRAMEWORK ................................................................................5

    A.   The Federal and State False Claims Acts ..............................................................5

    B.   The Medicare and Medicaid Programs .................................................................6

WALGREENS' FRAUDULENT CONDUCT...................................................................10

I.   Walgreens Systematically Bills for Prescription Drugs That Are Not Dispensed, in
    Violation of the False Claims Acts .......................................................................10

    A.   Walgreens' Prescription Filling Process ...........................................................10

    B.   Walgreens Auto-Archiving Program ..................................................................12

    C.   Walgreens Failure to Reverse Claims and Return Overpayments Caused by Its
        Auto-Archiving Program Violates the False Claims Act ...................................13

    D.   Examples of False Claims Submitted To Government Health Care Plans For
        Drugs That Were Not Dispensed .......................................................................14

COUNTS..............................................................................................................................16

PRAYER ..............................................................................................................................78

DEMAND FOR JURY TRIAL ..........................................................................................79

APPENDIX A ......................................................................................................................79

APPENDIX B ......................................................................................................................83

## FALSE CLAIMS ACT COMPLAINT

The United States of America *ex rel.* Steven Turck ("Relator"), the States of California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Michigan, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Vermont, Washington, and Wisconsin, *ex rel.* Steven Turck, the Commonwealths of Massachusetts and Virginia, *ex rel.* Steven Turck, and the District of Columbia *ex rel.* Steven Turck, (collectively, the "Plaintiff States") and Steven Turck individually (collectively, "Plaintiffs") state as follows for their complaint against Walgreens Boots Alliance Inc. and its subsidiary Walgreens Co. (collectively, "Walgreens" or "Defendants"):

## INTRODUCTION

1.      The federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, and analogous state False Claims Acts provide the United States and the Plaintiff States (collectively, the "government") with its primary means of recovery from frauds against the public fisc. "*Qui tam*" provisions encourage private citizens with information about fraud (known as "relators") to sue on the government's behalf.

2.      Relator Steven Turck has worked for Defendant Walgreens for over three decades. As detailed below, Relator discovered that Walgreens—one of the largest pharmacies in the country—systematically bills government health care plans for prescription drugs that have not been dispensed to the patient.

3.      Specifically, Relator discovered that Walgreens bills government healthcare plans, including Medicare Part D plans, for prescriptions that are filled, but not picked up by the patient. Typically, if a prescription is not picked up, staff pharmacists or technicians should return the

1

drug to stock and reverse any charge submitted to the payer. Relator Turck discovered that Walgreens' computerized operating system (called Intercom Plus) automatically archives prescriptions that have not been picked up without reversing the submitted claim. The drug will be returned to stock, but the claim is auto-archived and cannot be reversed via Intercom Plus. In this way, Walgreens violates the False Claims Act by billing government payers for drugs that are not actually dispensed to the government beneficiary.

4.      Federal and state laws, as well as Medicaid provider agreements, prevent Walgreens from billing government healthcare plans for items or services that are not provided to the beneficiary. The Centers for Medicare and Medicaid Services has repeatedly stated that knowingly billing for services that are not provided constitutes fraud. Walgreens is also obligated to return overpayments and erroneous payments received from government health care plans. If Walgreens receives a payment for a prescription drug that was not dispensed, Walgreens is required to return that overpayment. Failure to do so also violates the False Claims Act.

5.      Nonetheless, Walgreens has routinely billed government health care plans for prescription drugs that were not dispensed, defrauding the government out of scarce healthcare funds. Walgreens has also ignored its obligation to return overpayments and erroneous payments received for these drugs.

6.      Walgreens—which fills tens of millions of prescriptions for government health care program beneficiaries each year—carries out this fraud across the country using its proprietary operating system, as Intercom Plus is used in every Walgreens pharmacy. A feature in the Intercom Plus system automatically archives prescriptions that have not been picked up after a certain amount of time. After these prescriptions are archived, Walgreens pharmacists cannot delete the prescription or reverse any claims for payment within the Intercom Plus system.

2

7.      Because Walgreens pharmacists cannot access these archived prescriptions using Intercom Plus, the claims remain in the system and are paid by third-party insurers, including government health care plans. Walgreens does not reverse these claims, issue refunds, or otherwise inform government payers that the drugs were not dispensed. Instead, Walgreens keeps the money and returns the drugs to stock so that they can be sold again.

8.      On behalf of the United States and the Plaintiff States, Plaintiff-Relator Steven Turck seeks to hold Walgreens liable under the federal and state False Claims Acts for defrauding government health care plans.

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction over the subject matter of this action arising under the laws of the United States pursuant to: (i) 31 U.S.C. § 3732, which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. § 3729 and 3730; (ii) 28 U.S.C. § 1331, which confers federal subject matter jurisdiction; and, (iii) 28 U.S.C. § 1345, because the United States is a Plaintiff.

10.     This Court has personal jurisdiction over the Defendants pursuant to 31 U.S.C. § 3732(a), because that section authorizes nationwide service of process and because Defendants have minimum contacts with the United States. Moreover, Defendants can be found in, reside, or transact or have transacted business in the Eastern District of Texas.

11.     Jurisdiction over the state law claims alleged herein is proper under 31 U.S.C. § 3732(b). This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

12.     This action is not based upon prior public disclosures of allegations or transactions in a criminal, civil, or administrative hearing, lawsuit or investigation, or in a

3

Government Accounting Office or Auditor General's report, hearing, audit, or investigation, or from the news media. To the extent there has been a public disclosure unknown to Relator, he is an original source under 31 U.S.C. § 3730(e)(4) and similar state statutes.

13.     The facts and information set forth herein are based upon Relator's personal observation, investigation, and knowledge of Walgreens' operations. Relator has direct and independent knowledge of the information on which the allegations are based. He has voluntarily provided the information to the government before filing this *qui tam* action.

14.     Relator has provided the Attorney General of the United States, the United States Attorney for the Eastern District of Texas, and the Attorneys General of the named Plaintiff States, a written disclosure of substantially all material evidence and information he possesses, in accordance with the provisions of 31 U.S.C. § 3730(b)(2) and relevant state statutes.

15.     Venue is proper in this District under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391. Walgreens operates a pharmacy at 1828 Texoma Parkway, Sherman, Texas, which uses Walgreens nationwide operating system, Intercom Plus. Walgreens operates numerous other pharmacies throughout this District which also use Intercom Plus.

### PARTIES

16.     Plaintiff-Relator Steven Turck has worked at Walgreens for over 37 years. He is currently employed as a Pharmacy Manager in Highland Park, Illinois. He has held this position since 2006. Previously, Mr. Turck worked in Walgreens' corporate offices in Deerfield, Illinois. Mr. Turck resides in Deerfield, Illinois.

17.     Defendant Walgreens Boots Alliance, Inc. is an international corporation that provides pharmacy services through a number of subsidiaries. In 2018, it was ranked 19th on the

Fortune 500 list, with annual revenue of $118 billion. Walgreens Boots Alliance, Inc. is incorporated in Delaware.

18.     Defendant Walgreens Co. is a subsidiary of Walgreens Boots Alliance, Inc. Defendant Walgreens Co. was originally incorporated in Illinois in 1909 and maintains corporate offices in Deerfield, Illinois.

19.     Walgreens operates approximately 9,500 pharmacies throughout the United States, including numerous pharmacies in the Eastern District of Texas, and at least one pharmacy in Sherman, Texas. According to Walgreens' 2018 Annual Report, approximately 78% of the population of the United States lived within five miles of a Walgreens or other Walgreens Boots Alliance pharmacy.

20.     In 2018, Walgreens filled over 823 million prescriptions in the United States. This number includes tens of millions of prescriptions that were paid for in whole or in part by state Medicaid public assistance programs or other government health care plans.

## THE STATUTORY FRAMEWORK

### A.  The Federal and State False Claims Acts

21.     The Federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.,* has been the Government's primary fraud fighting tool since the Civil War era. It prohibits any person from knowingly making a false or fraudulent claim against the Government for property or money. The FCA is intended to reach all types of fraud, without qualification, that might result in financial loss to the Government. Among its provisions, the FCA mandates that any person who:

> (A) knowingly presents or causes to be presented, a false or fraudulent claim for payment or approval;
>
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

* * *

(G) knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government,

is liable to the United States Government for a civil penalty of not less than $5,500 and not more than $11,000, [ . . . ] plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729(a)(1).[1]

22.     The FCA defines "knowingly" as actual knowledge, or deliberate ignorance or reckless disregard of the truth or falsity of the information; a specific intent to defraud is not required. 31 U.S.C. § 3729(b).

23.     The Plaintiff States have enacted false claims acts that substantially track the foregoing provisions of the federal FCA. Appendix A lists the Plaintiff States' False Claims Acts.

**B.  The Medicare and Medicaid Programs**

24.     Medicare is a federally funded health insurance program primarily for the benefit of those age 65 or older or those with certain physical conditions. Medicare was created in 1965 when Title XVIII of the Social Security Act was adopted. 42 U.S.C. § 1395. The Department of Health and Human Services ("HHS") is responsible for the administration and supervision of the Medicare program. The Centers for Medicare and Medicaid Services ("CMS") is an agency of HHS that administers the Medicare program.

25.     The Medicare Prescription Drug, Improvement, and Modernization Act of 2003 established a voluntary, outpatient prescription drug benefit under Medicare Part D. Medicare Part D provides coverage through private prescription drug plans that offer only drug coverage, or through Medicare Advantage prescription drug plans that offer coverage as part of broader,

---

[1] The civil penalties are adjusted for inflation, and are currently not less than $11,463 and not more than $22,927.  84 Fed. Reg. 1251 (effective Feb. 1, 2019).

managed care plans. Private drug plans participating in Part D bear some financial risk, but federal subsidies cover most program costs.

26.     Medicaid is a public assistance program providing for payment of medical expenses primarily for the poor and disabled. 42 U.S.C. § 1396 *et seq*. Funding for Medicaid is shared between the federal government and state governments.

27.     For example, the Texas Medicaid program spent over $36.3 billion in Medicaid expenditures in 2017, including $3.3 billion for prescription drugs. The federal government contributed approximately 56% of the total expenditures and Texas covered the rest.

28.     Each state has a single state agency responsible for administering the Medicaid program. The Medicaid program in Texas is administered by the Texas Health and Human Services.

29.     State Medicaid programs require providers, such as Walgreens, to enter into Medicaid provider agreements. In Texas, Walgreens must enter into a "Pharmacy Provider Enrollment Agreement." Under that agreement, Walgreens agrees to the following provisions:

> **Claims Submission**. The Provider will submit claims for payment in accordance with Program Requirements. The Provider understands that payment of claims may be from federal and state funds and that any falsification or concealment of material fact may be prosecuted under federal and state laws. The Provider agrees that information contained in all claims data submitted by or on behalf of the Provider:
>
> 1.  Is true, complete, and accurate;
>
> ***
>
> The Provider further agrees to refund to the Vendor Drug Program any overpayment, duplicate payment, or erroneous payment made by the Vendor Drug Program to which the Provider is not entitled. The Provider authorizes HHSC to recoup from any source of payment flowing from HHSC to the Provider.  ["HHSC" is the Texas Health and Human Services Commission.]
>
> **Fraud, Waste and Abuse.** The Provider will comply with all Texas and federal laws that regulate fraud, waste, and abuse in health care and the Vendor Drug Program.

7

"Texas Vendor Drug Program Pharmacy Provider Enrollment Agreement" (Rev. 10/19/2018).[2]

30.     Other states require providers to enter similar provider agreements and to likewise certify that the information contained in their claims for payment is true, accurate, and complete.

31.     For example, the Pharmacy Claim Form 30-1, which is used in the California Medicaid program, has a provider certification field that states: "This is to certify that the information contained above is true, accurate, and complete and that the provider has read, understands, and agrees to be bound by and comply with the statements and conditions contained on the back of this form."[3]

32.     Pharmacies that agree to submit claims electronically must make additional certifications regarding their claims for payment. For example, the Medi-Cal Telecommunications Provider And Biller Application/Agreement, which is used by the California Medicaid program for electronic claim submission, contains the following certification:[4]

### 3.1 CLAIMS CERTIFICATION

The Provider agrees and shall certify under penalty of perjury that all claims for services submitted electronically have been personally provided to the patient by the Provider or under his direction by another person eligible under the Medi-Cal Program to provide to such services, and such person(s) are designated on the claim. The services were, to the best of the Provider's knowledge, medically indicated and necessary to the health of the patient. The Provider shall also certify that all information submitted electronically is accurate and complete. The Provider understands that payment of these claims will be from federal and/or state funds, and that any falsification or concealment of a material fact may be prosecuted under federal and/or state laws.

---

[2] Available here: https://www.txvendordrug.com/sites/txvendordrug/files/docs/providers/pharmacy-provider-agreement.pdf
[3] Available here: https://files.medi-cal.ca.gov/pubsdoco/.../pcf**30-1**comp_p00.doc
[4] Available here: http://files.medi-cal.ca.gov/pubsdoco/forms.asp

33.     Both Medicare and Medicaid regulations require that government funded healthcare services "be provided economically and only when, and to the extent, medically necessary." 42 U.S.C. § 1320c-5(a); 42 U.S.C. § 1395y (allowing Medicare reimbursement only for services which are "reasonable and necessary"); 42 C.F.R. § 440.230 (authorizing states to limit reimbursement based on "medical necessity"). All states have implemented some reimbursement limitation based on the "medical necessity" of the service provided. Appendix B lists relevant state authority.

34.     Under the Affordable Care Act, Medicare and Medicaid providers have an "obligation" to return overpayments to the government either by 60 days after the overpayment has been "identified," or by the "date any corresponding cost report is due, if applicable," whichever is later. 42 U.S.C. § 1320a-7k(d).

35.     "The term 'overpayment' means any funds that a person receives or retains . . . to which the person, after applicable reconciliation, is not entitled…." 42 U.S.C.A. § 1320a-7k (d)(4)(B). Overpayments under the Affordable Care Act are expressly defined as "an obligation" for purposes of the False Claims Act. 42 U.S.C.A § 1320a-7k (d)(3).

36.     CMS has repeatedly stated that Medicare and Medicaid programs do not pay for services that are not actually provided to the beneficiary, and "intentionally billing for services or items not provided," constitutes fraud.[5]

_____

[5] "There Are Many Types of Medicaid Fraud," available at: https://www.cms.gov/Medicare-Medicaid-Coordination/Fraud-Prevention/Medicaid-Integrity-Education/Downloads/infograph-There-Are-Many-Types-Medicaid-Fraud-[May-2016].pdf; *see also* "Medicare Fraud & Abuse: Prevention, Detection, and Reporting," available at: https://www.cms.gov/Outreach-and-Education/Medicare-Learning-Network-MLN/MLNProducts/downloads/fraud_and_abuse.pdf

37.     CMS has also stated that "a pharmacy may be terminated as a Medicaid provider for cause because the pharmacy has engaged in fraud for abusing billing privileges (for example: billing for services that were not provided or failing to repay a Medicaid overpayment)." CMS Pharmacy Self-Auditing, Booklet 4: Billing Practices.[6]

## WALGREENS' FRAUDULENT CONDUCT

**I.   Walgreens Systematically Bills for Prescription Drugs That Are Not Dispensed in Violation of the False Claims Acts**

38.     When patients fail to pick up their medication, government health care plans should not pay for it. Walgreens' practice of billing for drugs that are not picked up violates the False Claims Act. Walgreens also violates the False Claims Act by failing to refund government healthcare plans for any payment received for a drug that was not dispensed.

**A. Walgreens' Prescription Filling Process**

39.     Based on Relator's experience with Walgreens' prescription practices, the following typically occurs at all Walgreens nationwide. When Walgreens receives a prescription, there are several steps involved before the prescription is filled and dispensed to the patient. The process is generally as follows:

- Walgreens receives the prescription and enters the patient's information into its computer system, Intercom Plus.

- Walgreens internally confirms the prescription and patient information is valid.

- If the patient has insurance, Walgreens submits the prescription information to a third-party adjudicator—this could be a government health care plan, PBM, or private insurance plan.

---

[6] Available at: https://www.cms.gov/Medicare-Medicaid-Coordination/Fraud-Prevention/Medicaid-Integrity-Education/Downloads/pharmacy-selfaudit-booklet4-billing-practice.pdf; *see also* CMS Informational Bulletin (January 20, 2012) available at: http://www.medicaid.gov/Federal-Policy-Guidance/downloads/CIB-01-20-12.pdf.

- The third-party adjudicator reviews the prescription and claim information to determine if the medication is covered under the patient's insurance plan.

- If the prescribed drug is covered, the adjudicator identifies what the insurer owes and what the patient owes as a copay, and the pharmacy is reimbursed its portion from the insurer.

- Walgreens then fills the prescription, which means the prescribed medication is sealed in a prescription container and the pharmacist or technician prints out the prescription label and other required documentation.

- Walgreens then stores the medication and documentation in a storage bin until the patient arrives to pick up the prescription.

- When the patient arrives, Walgreens collects the copay from the patient and dispenses the medication.

40.     As described above, the claim for payment is submitted *before* the drug is dispensed to the patient. Walgreens may receive the actual payment instantaneously or in a monthly, quarterly or annual reimbursement payment.

41.     Generally, if medication is not picked up after approximately 10-14 days, Walgreens employees will manually remove the prescription medication from the storage bin, delete the prescription from the patient's file on Intercom Plus, and return the medication to stock. In doing so, any claim submitted for reimbursement is reversed. This manual method for removing, reversing, and restocking prescription drugs generally adheres to federal and state laws.

42.     However, Walgreens also uses its proprietary software system, Intercom Plus, to automatically archive certain prescriptions that have not been picked up by the patient. This auto-archiving method does not automatically reverse claims submitted to government health care plans. Nor does it accurately track medication for restocking purposes. It is this auto-archiving feature that is at the center of this False Claims Act suit.

11

## B. Walgreens Auto-Archiving Program

43.     If a prescription is not dispensed after a certain number of days, it will be subject to Walgreens' auto-archive program. Once a prescription is auto-archived, Walgreens pharmacists cannot access or alter the prescription via Intercom Plus. If a prescription is auto-archived, the pharmacist can return the medication to stock, but cannot independently delete the prescription or otherwise reverse any submitted claim using Walgreens' computer system.

44.     The only way to reverse such a claim is to request a manual claim reversal by calling Walgreens' accounting offices in Danville, Illinois. Calling the Danville office for a claim reversal is extremely rare and takes a substantial amount of time.

45.     During Relator's 13 years of experience as a Walgreens Pharmacy Manager, he cannot recall one pharmacist or tech who contacted Walgreens' accounting offices to manually reverse a claim.

46.     In part, this is because Walgreens employees are expected to fill and bill as many prescriptions as possible, in as short amount of time as possible. Walgreens monitors the amount of time it takes employees to complete various tasks, such as filling prescriptions. Time spent on the phone with Danville detracts from time that could be spent filling and billing prescriptions.

47.     After Walgreens implemented the auto-archiving feature, it was available in each store across the country via Intercom Plus. Walgreens specifically designed the Intercom Plus system to work the same in every Walgreens pharmacy across the country.

**C. Walgreens Failure to Reverse Claims and Return Overpayments Caused by Its Auto-Archiving Program Violates the False Claims Act**

48.     CMS has repeatedly warned providers that they cannot bill for services or items not provided.[7] Congress has also deliberately made healthcare providers responsible for quickly addressing overpayments and returning any wrongly collected money to the public fisc.

49.     Each time Walgreens submits a claim for a prescription drug to a government health care plan, Walgreens certifies that the claim is true, accurate, and complete, and that Walgreens has complied with all applicable laws and regulations, including the requirement that the dispensed drug is medically necessary and reasonable.[8] Fundamental to each of these certifications is the representation that the drug was actually dispensed to the beneficiary. If Walgreens does not dispense the drug, each of these representations is false, and the claim for payment is fraudulent.

50.     These false claims were not innocent mistakes. Walgreens' decision to implement the auto-archiving feature in Intercom Plus was done knowingly, and the resulting claims submitted for drugs that were not dispensed violate the False Claims Act.

51.     When Walgreens implemented the auto-archiving feature in Intercom Plus, Walgreens' corporate decision-makers understood that the feature would have an impact on government billing and payments.

---

[7] *See*, *e.g.*, "There Are Many Types of Medicaid Fraud," available at: https://www.cms.gov/Medicare-Medicaid-Coordination/Fraud-Prevention/Medicaid-Integrity-Education/Downloads/infograph-There-Are-Many-Types-Medicaid-Fraud-[May-2016].pdf; *see also* "Medicare Fraud & Abuse: Prevention, Detection, and Reporting," available at: https://www.cms.gov/Outreach-and-Education/Medicare-Learning-Network-MLN/MLNProducts/downloads/fraud_and_abuse.pdf; see also Available at: https://www.cms.gov/Medicare-Medicaid-Coordination/Fraud-Prevention/Medicaid-Integrity-Education/Downloads/pharmacy-selfaudit-booklet4-billing-practice.pdf; *see also* CMS Informational Bulletin (January 20, 2012) available at: http://www.medicaid.gov/Federal-Policy-Guidance/downloads/CIB-01-20-12.pdf.
[8] Examples of certifications are described in paragraphs 29-32.

52.     Relator worked at Walgreens corporate offices and understands how the Intercom Plus computer system works. Any changes to the system are made only after careful review at corporate headquarters. Walgreens' corporate decision-makers closely study how Intercom Plus features impact pharmacy operations and billing.

53.     Walgreens processes tens of millions of claims for prescription drugs paid for by government health care plans, and the submission of false claims was a predictable and direct consequence of implementing Walgreens' auto-archiving feature in Intercom Plus.

54.     Walgreens also knew the auto-archiving feature would cause overpayments and erroneous payments. Walgreens knows it has an obligation to quickly return these overpayments to government health care plans, but did nothing about them. Instead, Walgreens buried its head in the sand and kept the overpayments as revenue.

55.     Walgreens' deliberate decision to implement the auto-archiving feature in Intercom Plus resulted in the submission of actionable false claims. Similarly, Walgreens' knowing failure to return overpayments and erroneous payments for prescription drugs that were not dispensed violates the False Claims Act.

**D. Examples of False Claims Submitted To Government Health Care Plans For Drugs That Were Not Dispensed**

56.     The following examples identify prescription drugs that were billed and paid for by government health care plans, but never dispensed. These examples are representative of the false claims resulting from Walgreens' auto-archiving program.

Walgreens Overpayment Examples

| Patient Initials | Claim Date | Rx Number | Claim Reference # | Drug Prescribed | Quantity | Payer | Claim Submitted to Payer |
|---|---|---|---|---|---|---|---|
| FO | 12/18/18 | 2756614-03272 | 183523659328002999 | Carti (Diltiazem) 120MGXT CAPS | 90 | Illinois Blue Cross Medicare Part D | $24.71 |
| CP | 12/26/18 | 2758313-03272 | A5187607303491 | Entecavir 0.5MG TABS | 30 | Humana Medicare Part D | $49.70 |
| MB | 12/22/18 | 2636235-03273 | 183563719060025999 | Anoro Ellipta 62.5-25MCG | 120 | Illinois Blue Cross Medicare Part D | $473.17 |
| SC | 12/14/18 | 2755136 | 183484086495218997 | Advair Diskus 250/50MCG | 120 | Caremark Medicare Part D | $1,057.14 |
| | | | | | | *Total:* | *$1,604.72* |

57.     Each of the above examples is listed in Walgreens' Intercom Plus system. Had they been deleted and reversed, these claims would not be available in the system. But because the prescriptions have been auto-archived, Walgreens' employees cannot delete or reverse the claims in Intercom Plus.

58.     The Intercom Plus system also identifies the "Sold" date, which is the date the prescriptions are dispensed to the customer. In each of these examples, the "Sold" date is blank, demonstrating that the drug was not dispensed.

59.     In fact, the drugs in each example were returned to stock to be resold at a later date.

60.     In total, Walgreens billed government health care plans $1,604.72 for these prescription drugs.

15

61.     When Walgreens auto-archived these prescriptions, it should have reversed the claims to the government payers. Likewise, when Walgreens returned these drugs to stock, it should have reversed the claims and returned any payment it had received from government payers. Walgreens did neither. This intentional decision to bill government health care plans for services that were not provided violates the False Claims Act.

## COUNT I

### Violation of the Federal False Claims Act

62.     The allegations contained in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

63.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the False Claims Act of the United States, 31 U.S.C. § 3729 *et seq*.

64.     Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of 31 U.S.C. § 3729(a)(1)(A).

65.     Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of 31 U.S.C. § 3729(a)(1)(B).

66.     Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of 31 U.S.C. § 3729(a)(1)(D).

67.     Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government, within the meaning of 31 U.S.C. § 3729(a)(1)(G).

68.     Defendants' acts and omissions were made knowingly, as defined in 31 U.S.C. § 3729(b)(1).

69.     Defendants' acts and omissions were material, as defined in 31 U.S.C. § 3729(b)(1).

70.     The United States, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

71.     Because of the Defendants' acts and omissions, the United States has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

72.     The United States is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT II

### California False Claims Act

73.      The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

74.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the California False Claims Act (Cal. Gov't Code § 12650 *et seq.*).

75.     The term "State" as used in this Count shall have the meaning as defined in the California False Claims Act, including the State of California, any agency of State government, county, municipality and other entities (Cal. Gov't Code § 12650(b)(6)).

76.     Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the California False Claims Act (Cal. Gov't Code § 12651(a)(1)).

77.     Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of California False Claims Act (Cal. Gov't Code § 12651(a)(2)).

78.     Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of California False Claims Act (Cal. Gov't Code § 12651(a)(4)).

79.     Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the California False Claims Act (Cal. Gov't Code § 12651(a)(7)).

80.     Defendants' acts and omissions were made knowingly, as defined in the California False Claims Act (Cal. Gov't Code § 12650(b)(3)(A-C)).

81.     Defendants' acts and omissions were material, as defined in the California False Claims Act (Cal. Gov't Code § 12650(b)(4)).

18

82.     The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

83.     Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

84.     The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

<div align="center">

**COUNT III**

**California Insurance Frauds Prevention Act**

</div>

85.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

86.     The California Insurance Frauds Prevention Act, Cal. Ins. Code §§ 1871 *et seq.* ("CIFPA"), is designed to combat fraud committed against private insurance companies. The CIFPA allows individuals to bring an action on behalf of the state against individuals or companies that are defrauding private insurance companies.

87.     Through the various schemes, described above, Defendants violated the CIFPA, making or causing fraudulent health care claims to be made to California private insurers and defrauding private insurers out of overpayments. By doing so, Defendants substantially increased private insurer's costs and in turn increased the costs of their participants' coverage.

88.     Because of the acts and omissions described above, Defendants are liable for the greater of a fine not to exceed $150,000 or double the value of fraud, in addition to restitution, and other damages and penalties under the California Insurance Frauds Prevention Act (Cal. Ins. Code § 1871.4(b).

<div align="center">

19

</div>

## COUNT IV

### Colorado Medicaid False Claims Act

89.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

90.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Colorado Medicaid False Claims Act (Colo. Rev. Stat. Ann. §25.5-4–303.5 *et seq.*).

91.     The term "State" as used in this Count shall have the meaning as used in the Colorado Medicaid False Claims Act, including the State of Colorado, any officer, employee, or agent of the state, or any contractor, grantee, or other recipient of monies or property designated to be spent or used on behalf of the State of Colorado or to advance a program or interest therewith (Colo. Rev. Stat. Ann. §25.5-4–304(1)(a)(I-II)).

92.     Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Colorado Medicaid False Claims Act (Colo. Rev. Stat. Ann. §25.5-4–303.5(a)).

93.     Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Colorado Medicaid False Claims Act (Colo. Rev. Stat. Ann. §25.5-4–305(1)(b)).

94.     Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Colorado Medicaid False Claims Act (Colo. Rev. Stat. Ann. §25.5-4–305(1)(c)).

95.     Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Colorado Medicaid False Claims Act (Colo. Rev. Stat. Ann. §25.5-4–305(1)(f)).

96.     Defendants' acts and omissions were made knowingly, as defined in the Colorado Medicaid False Claims Act (Colo. Rev. Stat. Ann. §25.5-4–304(3)(a-b)).

97.     Defendants' acts and omissions were material, as defined in the Colorado Medicaid False Claims Act (Colo. Rev. Stat. Ann. §25.5-4–304(4)).

98.     The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

99.     Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

100.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT V

### Connecticut False Claims Act

101.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

21

102.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Connecticut False Claims Act (Conn. Gen. Stat. § 4-274 *et seq.*).

103.    The term "State" as used in this Count shall have the meaning as defined in the Connecticut False Claims Act, including the State of Connecticut, any agency of State government, county, municipality and other entities (Conn. Gen. Stat. § 4-274(5)).

104.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Connecticut False Claims Act (Conn. Gen. Stat. § 4-275(a)(1)).

105.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Connecticut False Claims Act (Conn. Gen. Stat. § 4-275(a)(2)).

106.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Connecticut False Claims Act (Conn. Gen. Stat. § 4-275(a)(4)).

107.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Connecticut False Claims Act (Conn. Gen. Stat. § 4-275(a)(7)).

108.    Defendants' acts and omissions were made knowingly, as defined in the Connecticut False Claims Act (Conn. Gen. Stat. § 4-274(1)(A-C)).

109.     Defendants' acts and omissions were material, as defined in the Connecticut False Claims Act (Conn. Gen. Stat. § 4-274(6)).

110.     The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

111.     Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

112.     The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT VI

### Delaware False Claims and Reporting Act

113.      The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

114.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Delaware False Claims and Reporting Act (6 Del. Code Ann. § 1201 *et seq.*).

115.     The term "State" as used in this Count shall have the meaning as defined in the Delaware False Claims and Reporting Act, including the State of Delaware, any agency of State government, county, municipality and other entities (6 Del. Code Ann. § 1202(2)).

116.     Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Delaware False Claims and Reporting Act (6 Del. Code Ann. § 1201(a)(1).

23

117.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Delaware False Claims and Reporting Act (6 Del. Code Ann. § 1201(a)(2).

118.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Delaware False Claims and Reporting Act (6 Del. Code Ann. § 1201(a)(4)).

119.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Delaware False Claims and Reporting Act (6 Del. Code Ann. § 1201(a)(7)).

120.    Defendants' acts and omissions were made knowingly, as defined in the Delaware False Claims and Reporting Act (6 Del. Code Ann. § 1202(3)(a-c)).

121.    Defendants' acts and omissions were material, as defined in the Delaware False Claims and Reporting Act (6 Del. Code Ann. § 1202(4).

122.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

123.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

24

124.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims and Reporting Act.

## COUNT VII

### District of Columbia False Claims Act

125.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

126.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the District of Columbia False Claims Act (D.C. Code § 2-381.01 *et seq.*).

127.    The term "State" as used in this Count shall have the meaning as used in the District of Columbia False Claims Act, including the District of Columbia, any of its officers, employees, or agents, or a contractor, grantee, or other recipient of monies or property to be spent or used on behalf of the District of Columbia or to advance any program or interest therewith (D.C. Code § 2-381.01(1)).

128.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the District of Columbia False Claims Act (D.C. Code § 2-381.02(a)(1)).

129.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of District of Columbia False Claims Act (D.C. Code § 2-381.02(a)(2)).

130.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly

delivered, or caused to be delivered, less than all of that money or property, within the meaning of District of Columbia False Claims Act (D.C. Code § 2-381.02(a)(3)).

131.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the District of Columbia False Claims Act (D.C. Code § 2-381.02(a)(6)).

132.    Defendants' acts and omissions were made knowingly, as defined in the District of Columbia False Claims Act (D.C. Code § 2-381.01(7)(A-B)).

133.    Defendants' acts and omissions were material, as defined in the District of Columbia False Claims Act (D.C. Code § 2-381.01(8)).

134.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

135.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

136.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT VIII

### Florida False Claims Act

137.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

138.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Florida False Claims Act (Fla. Stat. §§ 68.081 *et seq.*).

139.    The term "State" as used in this Count shall have the meaning as defined in the Florida False Claims Act, including the State of Florida, any agency of State government, county, municipality and other entities (Fla. Stat. § 68.082(1)(d)).

140.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Florida False Claims Act (Fla. Stat. § 68.082(2)(a)).

141.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Florida False Claims Act (Fla. Stat. § 68.082(2)(b)).

142.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Florida False Claims Act (Fla. Stat. § 68.082(2)(d).

143.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Florida False Claims Act (Fla. Stat. § 68.082(2)(g)).

144.    Defendants' acts and omissions were made knowingly, as defined in the Florida False Claims Act (Fla. Stat. § 68.082(2)(c)(1-3)).

145.    Defendants' acts and omissions were material, as defined in the Florida False Claims Act (Fla. Stat. § 68.082(1)(d)).

146.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

147.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

148.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

<u>COUNT IX</u>

**Georgia Taxpayer Protection False Claims Act**

149.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

150.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. § 23-3-120 *et seq.*).

151.    The term "State" as used in this Count shall have the meaning as defined in the Georgia Taxpayer Protection False Claims Act, including the State of Georgia, any agency of State government, county, municipality and other entities (Ga. Code Ann. § 23-3-120)(6)).

152.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. § 23-3-121(a)(1)).

153.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. § 23-3-121(a)(2)).

154.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. § 23-3-121(a)(4)).

155.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. § 23-3-121(a)(7)).

156.    Defendants' acts and omissions were made knowingly, as defined in the Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. § 23-3-120(2)(A-C)).

157.    Defendants' acts and omissions were material, as defined in the Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. § 23-3-120(4).

158.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

159.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

29

160.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT X

### Georgia's State False Medicaid Claims Act

161.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

162.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under Georgia's State False Medicaid Claims Act (Ga. Code Ann. § 49-4-168 *et seq.*).

163.    The term "State" as used in this Count shall have the meaning as used in Georgia's State False Medicaid Claims Act, including the State of Georgia, any officer, employee, fiscal intermediary, grantee, agent, or contractor of the Georgia Medicaid program, or any other persons or entities receiving payments from the Georgia Medicaid Program (Ga. Code Ann. § 49-4-168(1)).

164.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Georgia's State False Medicaid Claims Act (Ga. Code Ann. § 49-4-168.1(a)(1)).

165.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Georgia's State False Medicaid Claims Act (Ga. Code Ann. § 49-4-168.1(a)(2)).

166.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly

delivered, or caused to be delivered, less than all of that money or property, within the meaning of Georgia's State False Medicaid Claims Act (Ga. Code Ann. § 49-4-168.1(a)(4)).

167.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Georgia's State False Medicaid Claims Act (Ga. Code Ann. § 49-4-168.1(a)(7)).

168.    Defendants' acts and omissions were made knowingly, as defined in the Georgia's State False Medicaid Claims Act (Ga. Code Ann. § 49-4-168(2)(A-C)).

169.    Defendants' acts and omissions were material, as defined in the Georgia's State False Medicaid Claims Act (Ga. Code Ann. § 49-4-168(3)).

170.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

171.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

172.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XI

### Hawaii False Claims Act – False Claims to the State

173.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

31

174.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under Hawaii's False Claims to the State (Haw. Rev. Stat. §§ 661-21 *et seq.*).

175.    The term "State" as used in this Count shall have the meaning as used in Hawaii's False Claims to the State, including the State of Hawaii, any agency of State government, and any officer, employee, or agent of the State (Haw. Rev. Stat. § 661-21).

176.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of Hawaii's False Claims to the State (Haw. Rev. Stat. § 661-21(a)(1)).

177.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Hawaii's False Claims to the State (Haw. Rev. Stat. § 661-21(a)(2)).

178.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Hawaii's False Claims to the State (Haw. Rev. Stat. § 661-21(a)(3)).

179.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of Hawaii's False Claims to the State (Haw. Rev. Stat. § 661-21(a)(6)).

180.    Defendants' acts and omissions were made knowingly, as defined in Hawaii's False Claims to the State (Haw. Rev. Stat. § 661-21(e)(1-3)).

181.    Defendants' acts and omissions were material, as defined in Hawaii's False Claims to the State (Haw. Rev. Stat. § 661-21(e)(3)).

182.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

183.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

184.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

<u>COUNT XII</u>

**Illinois False Claims Act**

185.    The allegations alleged in the foregoing paragraphs are re- alleged as though fully set forth in this paragraph.

186.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Illinois False Claims Act (740 ILCS 175/1 *et seq.*).

187.    The term "State" as used in this Count shall have the meaning as defined in the Illinois False Claims Act, including the State of Illinois, any agency of State government, county, municipality and other entities (740 ILCS 175/2(a)).

188.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Illinois False Claims Act (740 ILCS 175/3(a)(1)(A)).

189.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Illinois False Claims Act (740 ILCS 175/3(a)(1)(B)).

190.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Illinois False Claims Act (740 ILCS 175/3(a)(1)(D)).

191.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Illinois False Claims Act (740 ILCS 175/3(a)(1)(G)).

192.    Defendants' acts and omissions were made knowingly, as defined in the Illinois False Claims Act (740 ILCS 175/3(b)(1)).

193.    Defendants' acts and omissions were material, as defined in the Illinois False Claims Act (740 ILCS 175/3(b)(4)).

194.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

195.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

196.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XIII

### Illinois Insurance Frauds Prevention Act

197.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

198.    The Illinois Legislature enacted the Illinois Insurance Claims Frauds Prevention Act, 740 ILCS § 92/1 *et seq*. ("IICFPA"), to combat abusive practices aimed at defrauding private insurance providers. The legislation was enacted specifically to address the social costs of fraud on private insurance providers, noting that the penalties in the IICFPA are "remedial" and intended to achieve the "goals of disgorging unlawful profit, restitution, compensating the State for the costs of investigations and prosecution, and alleviating the social costs of increased insurance rates due to fraud." 740 ILCS § 92/5(c).

199.    Through the various schemes, described above, Defendants violated the IICFPA, making or causing fraudulent health care claims to be made to Illinois private insurers and defrauding private insurers out of overpayments. By doing so, Defendants substantially increased private insurer's costs and in turn increased the costs of their participants' coverage.

200.    Because of the acts and omissions described above, Defendants are liable for the maximum damages and penalties under the Illinois Insurance Claims Frauds Prevention Act (740 ILCS § 92/1 *et seq*.).

## COUNT XIV

### Indiana False Claims and Whistleblower Protection Act

201.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

202.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Indiana False Claims and Whistleblower Protection Act (Ind. Code §§ 5-11-5.5-1 *et seq.*).

203.    The term "State" as used in this Count shall have the meaning as defined in the Indiana False Claims and Whistleblower Protection Act, including the State of Indiana, any agency of State government, county, municipality and other entities (Ind. Code § 5-11-5.5-1(7)).

204.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Indiana False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.5-2(b)(1)).

205.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Indiana False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.5-2(b)(2)).

206.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Indiana False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.5-2(b)).

207.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State,

within the meaning of the Indiana False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.5-2(b)(6)).

208.    Defendants' acts and omissions were made knowingly, as defined in the Indiana False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.5-1(4)).

209.    Defendants' acts and omissions were material, as defined in the Indiana False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.7-1(b)(5)).

210.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

211.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

212.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XV

**Indiana Medicaid False Claims and Whistleblower Protection Act**

213.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

214.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Indiana Medicaid False Claims and Whistleblower Protection Act (Ind. Code §§ 5-11-5.7 *et seq.*).

215.    The term "State" as used in this Count shall have the meaning as defined in the Indiana Medicaid False Claims and Whistleblower Protection Act, including the State of Indiana,

any agency of State government, county, municipality and other entities (Ind. Code § 5-11-5.7-1(b)(9)).

216.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Indiana Medicaid False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.7-1(b)(1)(A)).

217.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Indiana Medicaid False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.7-1(b)(1)(B)).

218.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Indiana Medicaid False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.7-2(a)(3)).

219.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Indiana Medicaid False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.7-2(a)(6)(A-B)).

220.    Defendants' acts and omissions were made knowingly, as defined in the Indiana Medicaid False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.7-1(b)(4)(A-C)).

221.    Defendants' acts and omissions were material, as defined in the Indiana Medicaid False Claims and Whistleblower Protection Act (Ind. Code § 5-11-5.7-1(b)(5)).

222.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

223.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

224.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XVI

### Iowa False Claims Act

225.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

226.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Iowa False Claims Act (Iowa Code §§ 685.1 *et seq.*).

227.    The term "State" as used in this Count shall have the meaning as defined in the Iowa False Claims Act, including the State of Iowa, any agency of State government, county, municipality and other entities (Iowa Code § 685.1(15)).

228.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Iowa False Claims Act (Iowa Code § 685.2(1)(a)).

229.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Iowa False Claims Act (Iowa Code § 685.2(1)(b)).

230.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Iowa False Claims Act (Iowa Code § 685.2(1)(d)).

231.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Iowa False Claims Act (Iowa Code § 685.2(1)(g)).

232.    Defendants' acts and omissions were made knowingly, as defined in the Iowa False Claims Act (Iowa Code § 685.1(7)(a-b)).

233.    Defendants' acts and omissions were material, as defined in the Iowa False Claims Act (Iowa Code § 685.1(8)).

234.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

235.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

236.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XVII

### Louisiana Medical Assistance Programs Integrity Law

237.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

238.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Louisiana Medical Assistance Programs Integrity Law (La. Rev. Stat. Ann. §§ 46:437.1 – 46:440.3)

239.     The term "State" as used in this Count shall have the meaning as used in the Louisiana Medical Assistance Programs Integrity Law, including the State of Louisiana, any officer, employee, agent, or Louisiana Department of Health, or any contractor, grantee, or other recipient of money or property to be spent or used in any manner in any program administered by the Louisiana Department of Health (La. Rev. Stat. Ann. § 46:437.3(5)).

240.     Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Louisiana Medical Assistance Programs Integrity Law (La. Rev. Stat. Ann. § 46:438.3(A)).

241.     Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Louisiana Medical Assistance Programs Integrity Law (La. Rev. Stat. Ann. § 46:438.3(B)).

242.     Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly

41

delivered, or caused to be delivered, less than all of that money or property, within the meaning of Louisiana Medical Assistance Programs Integrity Law (La. Rev. Stat. Ann. § 46:438.3(c)).

243.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Louisiana Medical Assistance Programs Integrity Law (La. Rev. Stat. Ann. § 46:438.3(C)).

244.    Defendants' acts and omissions were made knowingly, as defined in the Louisiana Medical Assistance Programs Integrity Law (La. Rev. Stat. Ann. § 46:437.3(11)).

245.    Defendants' acts and omissions were material, as defined in the Louisiana Medical Assistance Programs Integrity Law (La. Rev. Stat. Ann. § 46:437.3(13)).

246.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

247.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

248.    The State is additionally entitled to the maximum civil penalty for each and every violation of the Louisiana Medical Assistance Programs Integrity Law.

## COUNT XVIII

### Maryland False Health Claims Act

249.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

250.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Maryland False Health Claims Act (Md. Code Ann. §§ 2-601 *et seq.*).

251.     The term "State" as used in this Count shall have the meaning as defined in the Maryland False Health Claims Act, including the State of Maryland, any agency of State government, county, municipality and other entities (Md. Code Ann. § 2-601).

252.     Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Maryland False Health Claims Act (Md. Code Ann. § 2-602(a)(1)).

253.     Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Maryland False Health Claims Act (Md. Code Ann. § 2-602(a)(2)).

254.     Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Maryland False Health Claims Act (Md. Code Ann. § 2-602(a)(4)).

255.     Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Maryland False Health Claims Act (Md. Code Ann. § 2-602(a)(7)).

256.     Defendants' acts and omissions were made knowingly, as defined in the Maryland False Health Claims Act (Md. Code Ann. § 2-601(f)(1-2)).

43

257.    Defendants' acts and omissions were material, as defined in the Maryland False Health Claims Act (Md. Code Ann. § 2-601(g)).

258.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

259.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

260.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Health Claims Act.

## COUNT XIX

### Massachusetts False Claims Act

261.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

262.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Massachusetts False Claims Act (Mass. Gen. Laws ch. 12 §§ 5A *et seq.*).

263.    The term "Commonwealth" as used in this Count shall have the meaning as used in the Massachusetts False Claims Act, including the Commonwealth of Massachusetts, any officer, employee, agent, or other representative of the common wealth or a political subdivision thereof, or any contractor, subcontractor, grantee or other person, to whom money or property is to be spent or used on of or to advance a program or interest of the Commonwealth of Massachusetts or a political subdivision thereof (Mass. Gen. Laws ch. 12 § 5A).

264.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Massachusetts False Claims Act (Mass. Gen. Laws ch. 12 § 5B(a)(1)).

265.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Massachusetts False Claims Act (Mass. Gen. Laws ch. 12 § 5B(a)(2).

266.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Massachusetts False Claims Act (Mass. Gen. Laws ch. 12 § 5B(a)(5)).

267.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Massachusetts False Claims Act (Mass. Gen. Laws ch. 12 § 5B(a)(9)).

268.    Defendants' acts and omissions were made knowingly, as defined in the Massachusetts False Claims Act (Mass. Gen. Laws ch. 12 § 5A).

269.    Defendants' acts and omissions were material, as defined in the Massachusetts False Claims Act (Mass. Gen. Laws ch. 12 § 5A).

270.    The Commonwealth, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

271.    Because of the Defendants' acts and omissions, the Commonwealth has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

272.    The Commonwealth is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XX

### Michigan Medicaid False Claim Act

273.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

274.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Michigan Medicaid False Claim Act (Mich. Comp. Laws §§ 400.601 *et seq.*).

275.    The term "State" as used in this Count shall have the meaning as used in the Michigan Medicaid False Claim Act, including the State of Michigan, any employee or officer of the State of Michigan, and other entities, including the  Michigan department of community health (Mich. Comp. Laws § 400.602).

276.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Michigan Medicaid False Claim Act (Mich. Comp. Laws § 400.607(1)).

277.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Michigan Medicaid False Claim Act (Mich. Comp. Laws § 400.607(2)).

278.     Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Michigan Medicaid False Claim Act (Mich. Comp. Laws § 400.610(4)).

279.     Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Michigan Medicaid False Claim Act (Mich. Comp. Laws § 400.607(c)).

280.     Defendants' acts and omissions were made knowingly, as defined in the Michigan Medicaid False Claim Act (Mich. Comp. Laws § 400.602(f)).

281.     Defendants' acts and omissions were material, as used in the Michigan Medicaid False Claim Act.

282.     The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

283.     Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

284.     The State is additionally entitled to the maximum civil penalty for each and every violation of the Medicaid False Claim Act.

## COUNT XXI

### Minnesota False Claims Act

285.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

286.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Minnesota False Claims Act (Minn. Stat. §§ 15C.01 *et seq.*).

287.    The term "State" as used in this Count shall have the meaning as defined in the Minnesota False Claims Act, including the State of Minnesota, any agency of State government, county, municipality and other entities (Minn. Stat. § 15C.01(8)).

288.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Minnesota False Claims Act (Minn. Stat. § 15C.02(a)(1)).

289.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Minnesota False Claims Act (Minn. Stat. § 15C.02(a)(2)).

290.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Minnesota False Claims Act (Minn. Stat. § 15C.02(a)(4)).

291.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and

improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Minnesota False Claims Act (Minn. Stat. § 15C.02(a)(7)).

292.    Defendants' acts and omissions were made knowingly, as defined in the Minnesota False Claims Act (Minn. Stat. § 15C.01(3)(1-3)).

293.    Defendants' acts and omissions were material, as defined in the Minnesota False Claims Act (Minn. Stat. § 15C.01(3a)).

294.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

295.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

296.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXII

### Montana False Claims Act

297.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

298.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Montana False Claims Act (Mont. Code Ann. §§ 17-8-401 *et seq.*).

299.    The term "State" as used in this Count shall have the meaning as defined in the Montana False Claims Act, including the State of Montana, any agency of State government, county, municipality and other entities (Mont. Code Ann. § 17-8-402(3)(a-c)).

300.     Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Montana False Claims Act (Mont. Code Ann. § 17-8-403(1)(a)).

301.     Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Montana False Claims Act (Mont. Code Ann. § 17-8-403(1)(b)).

302.     Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Montana False Claims Act (Mont. Code Ann. § 17-8-403(1)(d)).

303.     Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Montana False Claims Act (Mont. Code Ann. § 17-8-403(1)(g)).

304.     Defendants' acts and omissions were made knowingly, as defined in the Montana False Claims Act (Mont. Code Ann. § 17-8-402(4)(a)-(b)).

305.     Defendants' acts and omissions were material, as defined in the Montana False Claims Act (Mont. Code Ann. § 17-8-402(5)).

306.     The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

307.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

308.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXIII

### Nevada False Claims Act

309.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

310.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Nevada False Claims Act (Nev. Rev. Stat. Ann. §§ 357.010 *et seq.*).

311.    The term "State" as used in this Count shall have the meaning as used in the Nevada False Claims Act, including the State of Nevada, any officer, employee or agent of the State of Nevada or any political subdivision thereof, or any contractor, grantee or other recipient of money, property or services to be spent or used on behalf of the State of Nevada or a political subdivision thereof (Nev. Rev. Stat. Ann. § 357.020).

312.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Nevada False Claims Act (Nev. Rev. Stat. Ann. § 357.040(1)(a)).

313.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Nevada False Claims Act (Nev. Rev. Stat. Ann. § 357.040(1)(b)).

314.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Nevada False Claims Act (Nev. Rev. Stat. Ann. § 357.040(1)(d)).

315.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Nevada False Claims Act (Nev. Rev. Stat. Ann. § 357.040(1)(g)).

316.    Defendants' acts and omissions were made knowingly, as defined in the Nevada False Claims Act (Nev. Rev. Stat. Ann. § 357.040(2)(a)-(c)).

317.    Defendants' acts and omissions were material, as defined in the Nevada False Claims Act (Nev. Rev. Stat. Ann. § 357.022).

318.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

319.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

320.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXIV

### New Jersey False Claims Act

321.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

322.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the New Jersey False Claims Act (N.J. Stat. Ann. §§ 2A:32C-1 *et seq.*).

323.    The term "State" as used in this Count shall have the meaning as defined in the New Jersey False Claims Act, including the State of New Jersey, any agency of State government, county, municipality and other entities (N.J. Stat. Ann. § 2A:32C-2(2.A)).

324.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the New Jersey False Claims Act (N.J. Stat. Ann. § 2A:32C-3((3.A)(a)).

325.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of New Jersey False Claims Act (N.J. Stat. Ann. § 2A:32C-3(3.A)(b)).

326.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of New Jersey False Claims Act (N.J. Stat. Ann. § 2A:32C-3(3.A)(d)).

327.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and

improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the New Jersey False Claims Act (N.J. Stat. Ann. § 2A:32C-3(3.A)(g).

328.    Defendants' acts and omissions were made knowingly, as defined in the New Jersey False Claims Act (N.J. Stat. Ann. § 2A:32C-2((2.A)(1-3)).

329.    Defendants' acts and omissions were material, as used in the New Jersey False Claims Act.

330.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

331.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

332.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXV

### New Mexico Medicaid False Claims Act

333.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

334.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the New Mexico Medicaid False Claims Act (N.M. Stat. Ann. §§ 27-14-1 *et seq.*).

335.    The term "Department" as used in this Count shall have the meaning as defined in the New Mexico Medicaid False Claims Act, including the State of New Mexico and the Human Services Department, (N.M. Stat. Ann. § 27-14-3(B)).

336.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the New Mexico Medicaid False Claims Act (N.M. Stat. Ann. § 27-14-4(A-B)).

337.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of New Mexico Medicaid False Claims Act (N.M. Stat. Ann. § 27-14-4(C)).

338.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the Department, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Department, within the meaning of the New Mexico Medicaid False Claims Act (N.M. Stat. Ann. § 27-14-4(E)).

339.    Defendants' acts and omissions were made knowingly, as used in the New Mexico Medicaid False Claims Act.

340.    Defendants' acts and omissions were material, as used in the New Mexico Medicaid False Claims Act.

341.    The Department, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

342.    Because of the Defendants' acts and omissions, the Department has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

343.    The Department is additionally entitled to the maximum civil penalty for each and every violation of the New Mexico Medicaid False Claims Act.

## COUNT XXVI

### New Mexico Fraud Against Taxpayers Act

344.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

345.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the New Mexico Fraud Against Taxpayers Act (N.M. Stat. Ann. §§ 44-9-1 *et seq.*).

346.    The term "State" as used in this Count shall have the meaning as defined in the New Mexico Fraud Against Taxpayers Act, including the State of New Mexico, any agency of State government, county, municipality and other entities (N.M. Stat. Ann. § 44-9-2(E)).

347.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the New Mexico Fraud Against Taxpayers Act (N.M. Stat. Ann. § 44-9-3(A)(1)).

348.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of New Mexico Fraud Against Taxpayers Act (N.M. Stat. Ann. § 44-9-3(A)(2)).

349.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of New Mexico Fraud Against Taxpayers Act (N.M. Stat. Ann. § 44-9-3(A)(5)).

350.     Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the New Mexico Fraud Against Taxpayers Act (N.M. Stat. Ann. § 44-9-3(A)(8)).

351.     Defendants' acts and omissions were made knowingly, as defined in the New Mexico Fraud Against Taxpayers Act (N.M. Stat. Ann. § 44-9-2(C)(1-3)).

352.     Defendants' acts and omissions were material, as used in the New Mexico Fraud Against Taxpayers Act.

353.     The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

354.     Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

355.     The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXVII

### New York False Claims Act

356.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

57

357.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the New York False Claims Act (N.Y. State Fin. Law §§187-194).

358.    The term "State" as used in this Count shall have the meaning as defined in the New York False Claims Act, including the State of New York, any agency of State government, county, municipality and other entities (N.Y. State Fin. Law §188(7)).

359.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the New York False Claims Act (N.Y. State Fin. Law §189(1)(a)).

360.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of New York False Claims Act (N.Y. State Fin. Law §189(1)(b)).

361.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of New York False Claims Act (N.Y. State Fin. Law §189(1)(d)).

362.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the New York False Claims Act (N.Y. State Fin. Law §189(1)(g)).

363.    Defendants' acts and omissions were made knowingly, as defined in the New York False Claims Act (N.Y. State Fin. Law §188(a)-(c)).

364.    Defendants' acts and omissions were material, as defined in the New York False Claims Act (N.Y. State Fin. Law §188(5)).

365.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

366.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

367.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXVIII

### North Carolina False Claims Act

368.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

369.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the North Carolina False Claims Act (N.C. Gen. Stat. §§ 1-605 *et seq.*).

370.    The term "State" as used in this Count shall have the meaning as used in the North Carolina False Claims Act, including the State of North Carolina, any officer, employee, or agent of the State of North Carolina, or any contractor, grantee, or other recipient of money or property to be spent or used on behalf of the State of North Carolina or to advance a program or interest therewith. (N.C. Gen. Stat. § 1-606(2)).

371.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the North Carolina False Claims Act (N.C. Gen. Stat. § 1-607(a)(1)).

372.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of North Carolina False Claims Act (N.C. Gen. Stat. § 1-607(a)(2)).

373.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of North Carolina False Claims Act (N.C. Gen. Stat. § 1-607(a)(4)).

374.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the North Carolina False Claims Act (N.C. Gen. Stat. § 1-607(a)(7)).

375.    Defendants' acts and omissions were made knowingly, as defined in the North Carolina False Claims Act (N.C. Gen. Stat. § 1-606(4)(a-c)).

376.    Defendants' acts and omissions were material, as defined in the North Carolina False Claims Act (N.C. Gen. Stat. § 1-606(6)).

377.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

378.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

379.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXIX

### Oklahoma False Claims Act

380.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

381.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Oklahoma Medicaid False Claims Act (63 Okl. Stat. § 5053 *et seq.*).

382.    The term "State" as used in this Count shall have the meaning as defined in the Oklahoma Medicaid False Claims Act, including the State of Oklahoma, any agency of State government, county, municipality and other entities (63 Okl. Stat. § 5053).

383.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Oklahoma Medicaid False Claims Act (63 Okl. Stat. § 5053.1(B)(1)).

384.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Oklahoma Medicaid False Claims Act (63 Okl. Stat. § 5053.1(B)(2)).

385.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly

61

delivered, or caused to be delivered, less than all of that money or property, within the meaning of Oklahoma Medicaid False Claims Act (63 Okl. Stat. § 5053.1(B)(4)).

386.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Oklahoma Medicaid False Claims Act (63 Okl. Stat. § 5053.1(B)(7)).

387.    Defendants' acts and omissions were made knowingly, as defined in the Oklahoma Medicaid False Claims Act (63 Okl. Stat. § 5053.1(A)(2)(a)-(c)).

388.    Defendants' acts and omissions were material, as defined in the Oklahoma Medicaid False Claims Act (63 Okl. Stat. § 5053.1(A)(3)).

389.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

390.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

391.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXX

### Rhode Island – State False Claims Act

392.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

393.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under Rhode Island's State False Claims Act (R.I. Gen. Laws §§ 9-1.1 *et seq.*).

394.    The term "State" as used in this Count shall have the meaning as defined in Rhode Island's State False Claims Act, including the State of Rhode Island, any agency of State government, county, municipality and other entities (R.I. Gen. Laws § 9-1.1-2(a)).

395.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of Rhode Island's State False Claims Act (R.I. Gen. Laws § 9-1.1-3(a)(1)).

396.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Rhode Island's State False Claims Act (R.I. Gen. Laws § 9-1.1-3(a)(2)).

397.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Rhode Island's State False Claims Act (R.I. Gen. Laws § 9-1.1-3(a)(4)).

398.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of Rhode Island's State False Claims Act (R.I. Gen. Laws § 9-1.1-3(a)(7)).

399.     Defendants' acts and omissions were made knowingly, as defined in Rhode Island's State False Claims Act (R.I. Gen. Laws § 9-1.1-3(b)(1)-(3)).

400.     Defendants' acts and omissions were material, as defined in Rhode Island's State False Claims Act (R.I. Gen. Laws § 9-1.1-3(b)(4)).

401.     The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

402.     Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

403.     The State is additionally entitled to the maximum civil penalty for each and every violation of the State False Claims Act.

## COUNT XXXI

### Tennessee False Claims Act

404.      The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

405.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Tennessee False Claims Act (Tenn. Code Ann. §§ 4-18-101 *et seq.*).

406.     The term "State" as used in this Count shall have the meaning as used in the Tennessee False Claims Act, including the State of Tennessee, any employee, officer, or agent of the State of Tennessee or of any political subdivision thereof, or any contractor, grantee, or other recipient of money, property, or services requested or demanded issued from, or provided by, the state or any political subdivision thereof. (Tenn. Code Ann. § 4-18-102(1)).

64

407.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Tennessee False Claims Act (Tenn. Code Ann. § 4-18-103(a)(1)).

408.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Tennessee False Claims Act (Tenn. Code Ann. § 4-18-103(a)(2)).

409.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Tennessee False Claims Act (Tenn. Code Ann. § 4-18-103(a)(4)).

410.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Tennessee False Claims Act (Tenn. Code Ann. § 4-18-103(a)(7)).

411.    Defendants' acts and omissions were made knowingly, as defined in the Tennessee False Claims Act (Tenn. Code Ann. § 4-18-102(2)(A)-(C)).

412.    Defendants' acts and omissions were material, as used in the Tennessee False Claims Act.

413.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

414.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

415.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXXII

### Tennessee Medicaid False Claims Act

416.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

417.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Tennessee Medicaid False Claims Act (Tenn. Code Ann. §§ 71-5-181 *et seq.*).

418.    The term "State" as used in this Count shall have the meaning as used in the Tennessee Medicaid False Claims Act, including the State of Tennessee, any employee, officer, or agent of the State of Tennessee, or any contractor, grantee, or other recipient of money or property that is to be spent or used on behalf or to advance a program or interest of the State of Tennessee. (Tenn. Code Ann. § 71-5-182(c)).

419.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Tennessee Medicaid False Claims Act (Tenn. Code Ann. § 71-5-182(a)(1)(A)).

420.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Tennessee Medicaid False Claims Act (Tenn. Code Ann. § 71-5-182(a)(1)(B)).

421.     Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Tennessee False Claims Act (Tenn. Code Ann. § 71-5-182(a)(1)(D)).

422.     Defendants' acts and omissions were made knowingly, as defined in the Tennessee Medicaid False Claims Act (Tenn. Code Ann. § 71-5-182(b)(1)-(3)).

423.     Defendants' acts and omissions were material, as defined in the Tennessee Medicaid False Claims Act (Tenn. Code Ann. § 71-5-182(e)).

424.     The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

425.     Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

426.     The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXXIII

### Texas Medical Assistance Program, Damages and Penalties

427.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

428.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under Texas' Medical Assistance Program, Damages and Penalties (Tex. Hum. Res. Code Ann. § 32.039).

67

429.    The term "State" as used in this Count shall have the meaning as used in the Texas' Medical Assistance Program, Damages and Penalties law, including the State of Texas, any agency of State government, county, municipality and other entities.

430.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of Texas' Medical Assistance Program, Damages and Penalties (Tex. Hum. Res. Code Ann. § 32.039 (b)(1)).

431.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Texas' Medical Assistance Program, Damages and Penalties (Tex. Hum. Res. Code Ann. § 32.039).

432.    Through the acts described above, Defendants solicited remuneration for referrals in violation of Texas' Medical Assistance Program. (Tex. Hum. Res. Code Ann. § 32.039(b)(1-b)).

433.    Defendants' acts and omissions were made knowingly, as defined in Texas' Medical Assistance Program, Damages and Penalties (Tex. Hum. Res. Code Ann. § 32.039(a)(4)).

434.    Defendants' acts and omissions were material, as used in Texas' Medical Assistance Program, Damages and Penalties.

435.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

436.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

437.    The State is additionally entitled to the maximum civil penalty for each and every violation of the Texas Medical Assistance Program.

## COUNT XXXIV

### Texas Award for Reporting Medicaid Fraud, Abuse, or Overcharges

438.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

439.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under Texas' Award for Reporting Medicaid Fraud, Abuse, or Overcharges (Tex. Gov. Code Ann. § 531.101).

440.    The term "State" as used in this Count shall have the meaning as used in the Texas' Award for Reporting Medicaid Fraud, Abuse, or Overcharges, including the State of Texas, any agency of State government, county, municipality and other entities.

441.    Through the acts and omissions described above, Relator is reporting activity that constitutes fraud or abuse of funds in Medicaid and reports overcharges in Medicaid within the meaning of Texas' Award for Reporting Medicaid Fraud, Abuse, or Overcharges (Tex. Gov. Code. Ann. § 531.1011).

442.    The State, unaware of the activities constituting the fraud or abuse, and continues to pay claims that would not be paid but for Defendants' acts and omissions. (Tex. Gov. Code. Ann. § 531.101(a)).

443.    Relator is entitled an award under Tex. Gov. Code. Ann. § 531.101(b), because of the Defendants' acts and omissions which have caused the State to sustain damages, and the State continues to sustain damages, in substantial amount to be determined at trial.

<div align="center">

**COUNT XXXV**

**Texas Medicaid Fraud Prevention Act**

</div>

444.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

445.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under Texas' Medicaid Fraud Prevention (including actions by private persons) (Tex. Hum. Res. Code Ann. §§ 36.001 *et seq.*).

446.    The term "State" as used in this Count shall have the meaning as used in the Texas' Medicaid Fraud Prevention Act, including the State of Texas, any agency of State government, county, municipality and other entities.

447.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of Texas' Medicaid Fraud Prevention (including actions by private persons) (Tex. Hum. Res. Code Ann. § 36.002(6)).

448.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Texas' Medicaid Fraud Prevention (including actions by private persons) (Tex. Hum. Res. Code Ann. § 36.002(7)).

449.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to

pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of Texas' Medicaid Fraud Prevention (including actions by private persons) (Tex. Hum. Res. Code Ann. § 36.002(12)).

450. Defendants' acts and omissions were made knowingly, as defined in Texas' Medicaid Fraud Prevention (including actions by private persons) (Tex. Hum. Res. Code Ann. § 36.0011(a)-(b)).

451. Defendants' acts and omissions were material, as defined in Texas' Medicaid Fraud Prevention (including actions by private persons) (Tex. Hum. Res. Code Ann. § 36.001(5-a)).

452. The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

453. Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

454. The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXXVI

### Vermont False Claims Act

455. The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

456.     Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Vermont False Claims Act (32 Vt. Stat. Ann. §§ 630 *et seq.*).

457.     The term "State" as used in this Count shall have the meaning as defined in the Vermont False Claims Act, including the State of Vermont, any agency of State government, county, municipality and other entities (32 Vt. Stat. Ann. § 630(8)).

458.     Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Vermont False Claims Act (32 Vt. Stat. Ann. § 631(a)(1)).

459.     Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Vermont False Claims Act (32 Vt. Stat. Ann. § 631(a)(2)).

460.     Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Vermont False Claims Act (32 Vt. Stat. Ann. § 631(a)(5)).

461.     Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Vermont False Claims Act (32 Vt. Stat. Ann. § 631(a)(9)).

462.     Defendants' acts and omissions were made knowingly, as defined in the Vermont False Claims Act (32 Vt. Stat. Ann. § 630(2)(A)-(B)).

463.    Defendants' acts and omissions were material, as defined in the Vermont False Claims Act (32 Vt. Stat. Ann. § 630(3)).

464.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

465.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

466.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXXVII

### Virginia Fraud Against Taxpayers Act

467.     The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

468.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Virginia Fraud Against Taxpayers Act (Va. Code Ann. § 8.01-216.1 *et seq.*).

469.    The term "Commonwealth" as used in this Count shall have the meaning as defined in the Virginia Fraud Against Taxpayers Act, including the Commonwealth of Virginia, any agency of state government, and any political subdivision of the Commonwealth. (Va. Code Ann. § 8.01-216.2).

470.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Virginia Fraud Against Taxpayers Act (Va. Code Ann. § 8.01-216.3(A)(1)).

471.   Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Virginia Fraud Against Taxpayers Act (Va. Code Ann. § 8.01-216.3(A)(2)).

472.   Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the Commonwealth and knowingly delivered, or caused to be delivered, less than all of that money or property, within the meaning of Virginia Fraud Against Taxpayers Act (Va. Code Ann. § 8.01-216.3(A)(4)).

473.   Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the Commonwealth, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Commonwealth, within the meaning of the Virginia Fraud Against Taxpayers Act (Va. Code Ann. § 8.01-216.3(A)(7)).

474.   Defendants' acts and omissions were made knowingly, as defined in the Virginia Fraud Against Taxpayers Act (Va. Code Ann. § 8.01-216.3(C)(i)-(iii)).

475.   Defendants' acts and omissions were material, as defined in the Virginia Fraud Against Taxpayers Act (Va. Code Ann. § 8.01-216.2).

476.   The Commonwealth, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

477.   Because of the Defendants' acts and omissions, the Commonwealth has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

74

478.    The Commonwealth is additionally entitled to the maximum civil penalty for each and every violation of the Fraud Against Taxpayers Act.

## COUNT XXXVIII

### Washington State Medical Fraud False Claims Act

479.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

480.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties under the Washington State Medical Fraud False Claims Act (RCW § 74.66.005 *et seq.*).

481.    The term "State" as used in this Count shall have the meaning as used in the Washington State Medical Fraud False Claims Act, including the State of Washington, any officer, employee, or agent of a government entity of the State of Washington, or to any contractor, grantee, or other recipient of money or property to be spent or used on a government of the State of Washington's behalf or to advance a program or interest thereof.

482.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Washington State Medical Fraud False Claims Act (RCW § 74.66.020(1)(a)).

483.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Washington State Medical Fraud False Claims Act (RCW § 74.66.020(1)(b)).

484.    Through the acts and omissions described above, Defendants have had possession, custody, or control of property or money used, or to be used, by the State and knowingly

75

delivered, or caused to be delivered, less than all of that money or property, within the meaning of Washington State Medical Fraud False Claims Act (RCW § 74.66.020(1)(d)).

485.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Washington State Medical Fraud False Claims Act (RCW § 74.66.020(1)(g)).

486.    Defendants' acts and omissions were made knowingly, as defined in the Washington State Medical Fraud False Claims Act (RCW § 74.66.010(7)(a)-(b)).

487.    Defendants' acts and omissions were material, as defined in the Washington State Medical Fraud False Claims Act (RCW § 74.66.010(8)).

488.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

489.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

490.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## COUNT XXXIX

### Wisconsin False Claims Act (Repealed July 14, 2015)

491.    The allegations alleged in the foregoing paragraphs are re-alleged as though fully set forth in this paragraph.

492.    Because of the acts and omissions described above, Defendants are liable for treble damages and penalties for violations of the Wisconsin False Claims Act that occurred before July 14, 2015. (Wis. Stat. Ann. § 20.931, repealed July 14, 2015).

493.    Under Wisconsin law, the repeal of a statute "shall not remit, defeat or impair any civil or criminal liability for offenses committed, penalties or forfeitures incurred or rights of action accrued under such statute before the repeal thereof…." (Wis. Stat. Ann. § 990.04).

494.    The term "State" as used in this Count shall have the meaning as used in the Wisconsin False Claims Act, including the State of Wisconsin, any agency of State government, county, municipality and other entities.

495.    Through the acts and omissions described above, Defendants knowingly presented or caused to be presented false or fraudulent claims for payment or approval within the meaning of the Wisconsin False Claims Act. (Wis. Stat. Ann. § 20.931(2)(a), repealed July 14, 2015).

496.    Through the acts and omissions described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to a false or fraudulent claim, within the meaning of Wisconsin False Claims Act. (Wis. Stat. Ann. § 20.931(2)(b), repealed July 14, 2015).

497.    Through the acts and omissions described above, Defendants have knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the State, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the State, within the meaning of the Wisconsin False Claims Act. (Wis. Stat. Ann. § 20.931(2)(g), repealed July 14, 2015).

77

498.    Defendants' acts and omissions were made knowingly, as defined in the Wisconsin False Claims Act. (Wis. Stat. Ann. § 20.931(1)(d), repealed July 14, 2015).

499.    The State, unaware of the false and fraudulent nature of Defendants' acts and omissions, paid and continues to pay claims that would not be paid but for Defendants' acts and omissions.

500.    Because of the Defendants' acts and omissions, the State has sustained damages, and continues to sustain damages, in substantial amount to be determined at trial.

501.    The State is additionally entitled to the maximum civil penalty for each and every violation of the False Claims Act.

## PRAYER

WHEREFORE, Relator prays for judgment against Defendants as follows:

502.    That Defendants cease and desist from violating 31 U.S.C. § 3729 *et seq*. and the analogous state laws cited above;

503.    That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States and the named Plaintiff States have sustained because of Defendants' actions, plus the maximum civil penalties provided for each violation of 31 U.S.C. § 3729 *et seq.*, and the analogous state laws cited above;

504.    That Relator be awarded the maximum amount relators share allowed pursuant to 31 U.S.C. § 3730(d) and the analogous state laws cited above;

505.    That Relator be awarded all costs of this action, including attorney's fees and expenses pursuant to 31 U.S.C. § 3730(d) and analogous state laws cited above;

506.    That the United States and Plaintiff States be awarded their costs and all other relief provided by law;

507.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

508.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby

demands a jury trial.


Dated: April 26, 2019


/s/ Roger Sanders
Roger D. Sanders
TX State Bar No. 17604700
roger.sanders@somlaw.net
J. Michael Young
TX State Bar No. 00786465
myoung@somlaw.net

SANDERS, MOTLEY, YOUNG &
GALLARDO, PLLC
111 South Travis Street
Sherman, Texas  75090
(903) 892-9133
(903) 892-4302 (fax)

/s/ Michael I. Behn
By: Michael I. Behn
mbehn@behnwyetzner.com
By: Daniel Hergott
dhergott@behnwyetzner.com

BEHN & WYETZNER, CHARTERED
17 N. State Street, Suite 1600
Chicago, IL 60602
(312) 629-0000
(312) 237-4162 (fax)


/s/ Bruce Howard
By: Bruce Howard
Bhoward@siprut.com
By: Michael Chang
Mchang@siprut.com

SIPRUT, P.C.
17 N. State Street, Suite 1600
Chicago, IL 60602
(312) 236-0000

**APPENDIX A**
**STATE FALSE CLAIMS ACTS**

| State | Citation |
|---|---|
| California | California False Claims Act (Cal. Gov't Code §§ 12650–12656) |
| Colorado | Colorado Medicaid False Claims Act (Colo. Rev. Stat. Ann. §25.5-4–305-25.5-4-310) |
| Connecticut | Connecticut False Claims Act (Conn. Gen. Stat. §§ 4-274 – 4-289) |
| Delaware | Delaware False Claims and Reporting Act (6 Del. Code Ann. §§ 1201-1211) |
| District of Columbia | District of Columbia False Claim Act (D.C. Code §§ 2-381.01–2-381.10) |
| Florida | Florida False Claims Act (Fla. Stat. §§ 68.081-68.092) |
| Georgia | Georgia Taxpayer Protection False Claims Act (Ga. Code Ann. §§ 23-3-120 to 23-3-127); <br><br> State False Medicaid Claims Act (Ga. Code Ann. §§ 49-4-168—49-4-168.6) |
| Hawaii | Hawaii False Claims Act: False Claims to the State (Haw. Rev. Stat. §§ 661-21–661-29); <br><br> False Claims to the Counties (Haw. Rev. Stat. §§ 46-171–46-179) |
| Illinois | Illinois False Claims Act (740 Ill. Comp. Stat. §§ 175/1-8) |
| Indiana | Indiana False Claims and Whistleblower Protection Act (Ind. Code §§ 5-11.5.5-1–5-11.5.5-18); <br><br> Indiana Medicaid False Claims and Whistleblower Protection Act, Ind. Code §§ 5-11-5.7-1 5-11-5.7-18 |
| Iowa | Iowa False Claims Act (Iowa Code §§ 685.1–685.7) |
| Louisiana | Louisiana Medical Assistance Programs Integrity Law (La. Rev. Stat. Ann. §§ 46:437–46:440) |
| Maryland | Maryland False Health Claims Act (Md. Code Ann. §§ 2-601–2-611) |

| State | Citation |
|---|---|
| Massachusetts | Massachusetts False Claims Act (Mass. Gen. Laws ch. 12 §§ 5A–5O ) |
| Michigan | Michigan Medicaid False Claims Act, (Mich. Comp. Laws §§ 400.601–400.615) |
| Minnesota | Minnesota False Claims Act, (Minn. Stat. §§ 15C.01–15C.16) |
| Montana | Montana False Claims Act (Mont. Code Ann. §§ 17-8-401—17-8-416) |
| Nevada | Nevada – Submission of False Claims to State or Local Government (Nev. Rev. Stat. Ann. § 357.010–357.250) |
| New Jersey | New Jersey False Claims Act (N.J. Stat. Ann. §§ 2A:32C-1–2A:32C-17) |
| New Mexico | New Mexico Medicaid False Claims Act, N.M. Stat. Ann. §§ 27-14-1–27-14-15 |
| New York | New York False Claims Act (N.Y. State Fin. Law §§187-194) |
| North Carolina | North Carolina False Claims Act (N.C. Gen. Stat. §§ 1-605–1-618) |
| Oklahoma | Oklahoma Medicaid False Claims Act, Okla. Stat. tit. 63 §§ 5053.1–5053.7) |
| Rhode Island | The State False Claims Act (R.I. Gen. Laws §§ 9-1.1–9.1.1-9) |
| Tennessee | Tennessee False Claims Act (Tenn. Code Ann. §§ 4-18-101–108); Tennessee Medicaid False Claims Act (Tenn. Code Ann. § 71-5-181–71-5-185) |
| Texas | Medical Assistance Program, Damages and Penalties (Tex. Hum. Res. Code Ann. § 32.039); Medicaid Fraud Prevention (including actions by private persons), Tex. Hum. Res. Code Ann. §§ 36.001–36.132; Award for Reporting Medicaid Fraud, Abuse, or Overcharges (Tex. Gov. Code Ann. §§ 531.101–531.1203) |
| Vermont | Vermont False Claims Act (Vt. Stat. Ann. tit. 32, §§ 630–642) |

| State | Citation |
|---|---|
| Virginia | Virginia Fraud Against Taxpayers Act (FATA) (Va. Code Ann. §§ 8.01-216.1–8.01-216.19) |
| Washington | Washington State Medicaid Fraud False Claims Act (RCW §§ 74.66.005–74.66.130) |
| Wisconsin | Wis. Stat. § 20.931 *et seq.*, (repealed July 14, 2015) |

**APPENDIX B**
**STATE AUTHORITY FOR MEDICAL NECESSITY**

| State | Requirement | Citation |
|---|---|---|
| Alabama | Services must be medically necessary to be covered | Ala. Medicaid Provider Manual, § 3.1.2. |
| Alaska | Services must be medically necessary to be covered | Alaska Admin. Code tit. 7, § 105.100. |
| Arizona | "pharmaceutical service" is defined as "medically necessary medications that are prescribed by a physician." | Ariz. Admin. Code § R9-22-201. |
| Arkansas | Services must be medically necessary to be covered | Ark. Medicaid Program Provider Manual, §§ 142.100. |
| California | "medically necessary" defined as "reasonable and necessary to protect life, to prevent significant illness or significant disability, or to alleviate severe pain." | Cal. Welf. & Inst. Code § 14059.5. |
| Colorado | Medicaid program excludes from coverage items and services that are not necessary in the diagnosis or treatment of an illness or injury; Medical necessity requires that goods and services be "performed in a cost effective and most appropriate setting required by the client's condition." | Colo. Code Regs. § 2505-10:8.011.11; *Id.* § 2505-10:8.076.1.8. |
| Connecticut | Medicaid program only pays for covered services and goods that are medically necessary; "Medically necessary" are those that are "not more costly than an alternative service or sequence of services at least as likely to produce equivalent therapeutic or diagnostic results." | Conn. Agencies Regs. § 17b-192-6; *Id.* § 17b-259b. |

| State | Requirement | Citation |
|---|---|---|
| Delaware | Prescription drugs covered under the Medicaid program are restricted to medically necessary products;<br><br>"Medically necessary" is defined to "be the least costly, appropriate, available health service alternative, and will represent an effective and appropriate use of program fund." | Del. Health and Soc. Servs. Div. of Medicaid & Med. Assistance, Del. Med. Assistance Program Gen. Policy, § 1.27.3.1 (2013);<br><br>*Id*. § 13.0, Appendix H. |
| District of Columbia | "Only supplies, equipment, appliances, and services that are determined as medically necessary by the Department of Health Care Finance or its contracted representative are covered." | D.C. Dep't of Health Care Fin., D.C. Medicaid General User Manual, Billing Manual, 14.5. |
| Florida | Medicaid program only pays for medically necessary services | Fla. Stat. § 409.905. |
| Georgia | Services must be medically necessary to be covered | Ga. Medicaid State Plan, Amount, Duration, & Scope of Med. and Remedial Care and Servs. Provided to the Categorically Needy   3. |
| Hawaii | Medicaid payments shall not be made unless medically necessary | Haw. Code R. § 17-1737-84. |
| Idaho | Medicaid program pays for prescription drugs deemed medically necessary;<br><br>Medically necessary means there "is no other equally effective course of treatment available or suitable for the participant requesting the service which is more conservative or substantially less costly." | Idaho Admin. Code r. 16.03.09.662(01);<br><br>*Id*. at 16.03.09.011(14). |
| Illinois | Medicaid program does not pay for items for which medically necessity is not clearly established. | Ill. Dep't of Healthcare and Family Servs., Handbook for Providers of Med. Servs., § 104 (2009). |

| State | Requirement | Citation |
|-------|-------------|----------|
| Indiana | Medicaid program establishes limitations consistent with medical necessity concerning the amount, scope and duration of the services and supplies to be provided | Ind. Code § 12-15-21-3(3). |
| Iowa | Services covered by the Medicaid program shall be the least costly type of service which would reasonably meet the medical need of the patient | Iowa Admin. Code r. 441-79.9(d). |
| Kansas | Medicaid program does not reimburse a provider for pharmacy services unless the service was medically necessary; "Medical necessity" contemplates the service being cost-effective | Kan. Admin. Regs. §§ 30-5-63; 30-5-92(a) ("The medical services provided to program recipients shall include pharmacy services."); *Id*. § 30-5-58(ooo)(1)(E). |
| Kentucky | Medicaid program provides reimbursement only for medically necessary outpatient drugs | 907 Ky. Admin. Regs. § 1:019(1)(3). |
| Louisiana | Medicaid program pays only for supplies that are medically necessary | La. Rev. Stat. Ann. § 46:437.11(B). |
| Maine | Medicaid program covers only medically necessary pharmacy services | 10-144 Me. Code R. § ch. 101. |
| Maryland | Medicaid program pays for covered services "when these services are deemed to be medically necessary"; A service is "medically necessary" only if that service is "the most cost efficient service that can be provided without sacrificing effectiveness or access to care." | Md. Code Regs. § 10.09.67.01; *Id*. § 10.09.62.01. |

| State | Requirement | Citation |
|---|---|---|
| Massachusetts | Medicaid program "will not pay a provider for services that are not medically necessary and may impose sanctions on a provider for …prescribing  a service…that is not medically necessary"; <br><br> A service is "medically necessary" only if "…there is no other medical service or site of service comparable in effect, available and suitable for the member requesting the service, that is more conservative or less costly…." | 130 Mass. Code Regs. 450.204(A); 450.101 |
| Michigan | Medicaid program does not cover supplies that are not medically necessary | Mich. Dep't of Cmty. Health, Medicaid Provider Manual, § 8.3. |
| Minnesota | In order to be covered by the Medicaid program, a health service must be medically necessary | Minn. Dept. of Human Servs., Health Care Programs & Servs. Overview. |
| Mississippi | Medicaid provides coverage for medically necessary services; <br><br> A requirement for medical necessity is that "there is no other effective and more conservative or substantially less costly treatment service and setting available." | Miss. Admin. Code § 23-200:5.1; <br> *Id.* |
| Missouri | Medicaid program requires that services furnished are reasonable and medically necessary | Dept. of Health Servs., Fee-For-Service Participant Handbook 18. |
| Montana | Prescribed drugs "may only be those that are medically necessary and that are the most efficient and cost-effective." | Mont. Code Ann. §§ 53-6-101(9); 53-6-101(4)(h). |

| State | Requirement | Citation |
|---|---|---|
| Nebraska | Medicaid, covers prescribed drugs "when medically necessary and appropriate."<br><br>Supplies must be "[r]endered in the most cost-efficient manner and type of setting." | Neb. Admin. R. & Regs. Tit. 471, Ch. 1 § 002. |
| Nevada | Nevada Medicaid Pharmacy Services program pays for "medically necessary prescription services." | Nev. Div. Of Health Care Financing & Policy, Medicaid Servs. Manual. |
| New Hampshire | Medicaid "abuse" defined as "provider practices that are inconsistent with sound fiscal, business, or medical practices, and result in an unnecessary cost to the medicaid program, or in reimbursement for services that are above those actually rendered, that are not medically necessary…" | N.H. Rev. Stat. Ann. § 167:58. |
| New Jersey | Medicaid program imposes service limitations "consistent with the medical necessity of the patient's condition as determined by the attending physician…" | N.J. Admin. Code § 10:49-5.1(a)(1). |
| New Mexico | Medicaid program reimburses only medically necessary services | N.M. Admin. Code §§ 8.300.1.9; 8.302.5.10; 8.301.2.9. |
| New York | Medicaid program provides payment for medically necessary drugs | 18 N.Y. Code Rules & Regs. § 360-1.3. |
| North Carolina | Medicaid program provides payment for "medically necessary and cost-effective care." | N.C. Div. of Med. Assistance, Programs and Servs. |
| North Dakota | Medicaid program defines "non-covered services" to be "items or services which have been determined not to be medically necessary." | N.D. Dept. of Human Servs., Non-Covered Servs. |

| State | Requirement | Citation |
|---|---|---|
| Ohio | Medicaid program provides that a medical service is reimbursable if it is medically necessary;<br><br>A "medically necessary" service must be "the lowest cost alternative that effectively addresses and treats the medical problem." | Ohio Rev. Code Ann. § 5101:3-1-02;<br><br>*Id.* § 5101:3-1-01(A). |
| Oklahoma | Medicaid program only covers "services that are medically necessary and essential to the diagnosis and treatment of the patient's presenting problems"<br><br>Services "must be delivered in the most cost-effective manner" | Okla. Admin. Code § 317:30-3-1(d);<br><br>*Id.* § 317:30-3-1(f) |
| Oregon | Medicaid program "shall make no payment" for items "not reasonable or necessary for the diagnosis and treatment." | Or. Admin. R. 410-120-1200. |
| Pennsylvania | Medicaid program does not cover items or services "if the medical necessity has been established." | 55 Pa. Code § 1121.11. |
| Rhode Island | Medicaid program reimburses for items or services "as needed based on medical necessity";<br><br>Medicaid "services must be provided in the most cost-efficient and appropriate setting" | R.I. Dept. of Human Servs. Code of Rules, Medical Assistance. |
| South Carolina | Medicaid program pays for prescribed drugs when covered and medically necessary | S.C. Health & Human Servs., S.C. Health Connections (Medicaid) Provider Manual, Pharmacy Servs. (Feb. 1, 2005, updated Mar. 1, 2013) § 1, at 1-10; S.C. Code Ann. Regs. 126-301. |

| State | Requirement | Citation |
|-------|-------------|----------|
| South Dakota | Medicaid program requires that services be medically necessary;<br><br>To be medically necessary, there must be "no other equally effective course of treatment available or suitable for the recipient requesting the service which is more conservative or substantially less costly." | S.D. Admin. R. 67:16:01:06.02. |
| Tennessee | Medicaid program provides payment for "only those medical items and services that are…[d]etermined by the TennCare program to be medically necessary." | Tenn. Code Ann. § 71-5-144. |
| Texas | Texas Medicaid service providers are required to certify that "[a]ll services, supplies, or items billed were medically necessary for the client's diagnosis or treatment."<br><br>Medically necessary is defined to mean "reasonable and necessary" | Tex. Medicaid Provider Procedures Manual, § 1.6.8;<br><br>Tex. Admin. Code Title 1, Part 15, Chapter 353, Rule 353.2 (57). |
| Utah | Medicaid program excludes from coverage services that are medically unnecessary or unreasonable;<br><br>"Medically necessary service" is defined to mean "there is no other equally effective course of treatment available or suitable for the recipient requesting the service that is more conservative or substantially less costly." | Utah Admin. Code r. 414-10;<br><br>*Id*. at 414-1-2 (18). |
| Vermont | Medicaid program only pays for items that are medically necessary | Vt. Agency of Human Servs., Provider Manual 33, 48. |
| Virginia | Medicaid program only pays for items that are "reasonable and necessary." | Commonwealth of Va. Dept. Of Med. Assistance Servs., Medicaid & FAMIS Plus Handbook 36. |

| State | Requirement | Citation |
|---|---|---|
| Washington | Medicaid program pays only for services that are medically necessary;<br><br>"Medically necessary" is defined to mean there "is no other equally effective, more conservative or substantially less costly course of treatment available." | Wash. Admin. Code § 182-501-0050(4);<br><br>*Id.* § 182-500-0070. |
| West Virginia | Medicaid program covers only services that are medically necessary | Provider Manual, Chapter 100. |
| Wisconsin | Medicaid program reimburses only for services that are appropriate and medically necessary | Wis. Admin. Code DHS § 106.02. |
| Wyoming | Medicaid program covers drugs if medically necessary;<br><br>Medical necessity is defined as a service "[p]erformed in the most cost effective and appropriate setting required by the recipient's condition." | 26 Wyo. Rules & Regs. § 5;<br><br>26 Wyo. Admin. Code § 4. |